NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0435n.06

No. 16-2706

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 25, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CLARENCE W. HERNDON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DANIEL H. HEYNS, et al., | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:    COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

PER CURIAM.  Clarence W. Herndon, a Michigan prisoner proceeding *pro se*, appeals the grant of summary judgment to the defendants in this civil rights, filed under 42 U.S.C. § 1983, as well as  the district court's denial of Herndon's subsequent motion for reconsideration.  We find no basis upon which to overturn the district court's judgment and affirm.

In 2013, the Michigan Department of Corrections (MDOC) implemented the Interim Care Program (ICP), establishing the unit where Herndon is housed at the Ionia Correctional Facility. (Prior to this, Herndon was housed in administrative segregation as the result of his conviction for the murder of a corrections officer.)  The ICP is a general-population program intended for inmates diagnosed with a major mental disorder and who, for reasons of safety, security, or other risk factors, would otherwise be classified to segregation.  Herndon's risk factors include 42 major misconduct violations, including possession of a weapon, possession of dangerous contraband, and the

aforementioned murder. Herndon previously was convicted of assaulting a prison employee, among other charges.

Herndon alleges that being housed indefinitely in the ICP unit violates his Eighth Amendment right to be free from cruel and unusual punishment, and he seeks release into the general prison population. Herndon contends that conditions in ICP are essentially equivalent to administrative segregation or solitary confinement; that his long-term housing in the ICP amounts to cruel and unusual punishment; and that he is being kept in the ICP unit as retribution for murdering a corrections officer.

Herndon named Willie Smith, the warden of his facility, and MDOC Director Daniel Heyns as defendants. The defendants moved for summary judgment, arguing that Herndon had failed to name Heyns in his original grievance and, thus, that any claim against Heyns had not been administratively exhausted; that Herndon had failed to allege unconstitutional behavior on the part of Smith; and that they were entitled to qualified immunity. Herndon sought to amend his complaint by removing Heyns as a defendant, adding an additional inmate as a plaintiff, and adding additional claims against Smith. Over Herndon's objections, the district court adopted the report and recommendations of the magistrate judge; granted the defendants summary judgment; and denied Herndon leave to amend, finding that the addition of a second *pro se* prisoner plaintiff would create significant logistical and legal complications and that Herndon's proposed amendments would not the cure defects in his claims. Herndon moved for reconsideration, which the district court denied.

We review the grant of summary judgment *de novo*. *Mullins v. Cyranek*, 805 F.3d 760, 764–65 (6th Cir. 2015). We review both the denial of a motion to amend and the denial of a motion for reconsideration for abuse of discretion. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2003); *Indah v. SEC*, 661 F.3d 914, 924 (6th Cir. 2011).

**Summary Judgment**

Before a prisoner may bring a lawsuit under section 1983, he must exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002). Herndon has failed to exhaust his remedies against Heyns because he never named Heyns in the grievances that underlie his suit. As such, Heyns is entitled to summary judgment.

Herndon did exhaust his remedies against Smith in one grievance. However, Herndon's claim against Smith is flawed. First, the complaint does not allege any personal involvement by Smith that would give rise to a claim that Smith knew of and disregarded an excessive risk to Herndon's health, as required to meet the subjective component of an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (supervisor liability under section 1983 requires direct participation or encouragement by the supervisor). Second, Herndon's claim revolves around an alleged failure by Smith to implement meaningful periodic review for the release of ICP inmates to the general population, but Herndon's grievance against Smith was based only his confinement in indefinite segregation, in general terms, without any allegations of wrongdoing on Smith's part. And, although Smith denied the grievance on appeal, that denial alone cannot form the basis for a section 1983 lawsuit. *Cf. Shehee v. Luttrell*, 199 F.3d 294-95, 300 (6th Cir. 1999) (the denial of administrative grievance is not equivalent to direct participation or encouragement). Thus, Smith is entitled to summary judgment.

**Leave to Amend**

The district did not abuse its discretion by denying Herndon leave to amend. Herndon's request to join a second plaintiff is governed by Federal Rule of Civil Procedure 20, which sets out conditions for permissive joinder of parties. As the district court noted, the addition of a second plaintiff also proceeding *pro se* would create "logistical and legal complications" militating against

the filing of a joint amended complaint. A review of the reasoning of the magistrate judge, adopted by the district court, reveals the extent of these complications, which include difficulties coordinating between the plaintiffs, who each must sign every pleading; the transitory nature of the prison population; the individualized questions of fact and law that underlie principles of exhaustion for each plaintiff; issues with the payment of filing fees; and complications arising from *in forma pauperis* status. Because the district court did not rely upon clearly erroneous findings of fact, improperly apply the governing law, or use an erroneous legal standard, it did not abuse its discretion when it denied Herndon leave to amend.

**Motion for Reconsideration**

In order to prevail on his motion for reconsideration, Herndon must "demonstrate a palpable defect" in the underlying proceeding and also "show that a different disposition of the case must result from a correction thereof." W.D. Mic. Local Civ. R. 7.4(a). The motion may not be used to relitigate the underlying case. *See id.* However, in his motion for reconsideration, Herndon merely reasserts his Eighth Amendment arguments. Because the granting of summary judgment to the defendants on Herndon's Eighth Amendment claims was proper, and the denial of leave to amend does not show an abuse of discretion, we cannot say that the district court abused its discretion by refusing to reconsider its previous judgment.

Accordingly, we **AFFIRM** the judgment of the district court.